# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

Lyle W. Cayce
Clerk

No. 11-40023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOE CRUZ, III,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-667-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joe Cruz, III, challenges his jury conviction for possession, with intent to distribute, 10.02 kilograms of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (He was sentenced, *inter alia*, to 292 months imprisonment.)

Cruz, who testified, maintains there was insufficient evidence to support his conviction because the Government failed to prove he knew the vehicle he was driving contained drugs. Because Cruz moved for a judgment of acquittal at the close of the Government's case, and again at the close of all the evidence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40023

his sufficiency-of-the-evidence challenge is preserved for review. FED. R. CRIM. P. 29(a).

Accordingly, Cruz' challenge is reviewed for "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt". *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Direct and circumstantial evidence are weighed equally, and it is not necessary that the evidence exclude every reasonable hypothesis of innocence. *Id.* "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995). The Government's burden was to prove, beyond a reasonable doubt, that Cruz had: knowledge; possession of a controlled substance; and, intent to distribute that substance. *See, e.g.*, *United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001).

"The knowledge element in a possession case can rarely be established by direct evidence." *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (citation and internal quotation marks omitted). "Knowledge can be inferred from control of the vehicle in some cases; however, when the drugs are hidden, control over the vehicle alone is not sufficient to prove knowledge." *Id.* (citation and internal quotation marks omitted). If hidden, "proof of the defendant's knowledge depends on inference and circumstantial evidence". *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001). Our court requires circumstantial evidence "that is suspicious in nature or demonstrates guilty knowledge". *Mendoza*, 522 F.3d at 489 (citation and internal quotation marks omitted). Guilty knowledge may be inferred from: failure to make eye contact; inconsistent statements; implausible explanations; and the amount of drugs being large enough such that it is irrational to believe the drugs would have been entrusted to a party who is not a member of the conspiracy. *E.g.*, *United States v. White,* 219 F.3d 442, 447-48 (5th Cir. 2000); *United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998).

No. 11-40023

Viewing the evidence in the requisite light most favorable to the verdict, a reasonable juror could have found, beyond a reasonable doubt, that Cruz knew he was transporting drugs. A reasonable juror's inference of such knowledge was supported by: Cruz' avoiding eye contact with law-enforcement agents; and his making several inconsistent statements to them. A reasonable juror was also permitted to find Cruz' explanation—that he believed he was illegally transporting currency, not drugs—implausible, in the light of: his admission that he knew the woman who had provided him with the vehicle regularly transported drugs from Mexico to Dallas; and testimony that drugs are generally sent northbound and cash southbound. In addition, Cruz does not challenge testimony at trial that he was entrusted with transporting a significant amount of drugs of substantial value.

AFFIRMED.